

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

Anna Marie Calabrese
60 Calabrese Drive
Media, PA 19063
*Full name(s) of Plaintiff(s)*

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

17   3744

v.

CIVIL ACTION NO. _____

WIPFLI, LLP
2 W. Baltimore Avenue, Suite 210
Media, PA 19063

*Full name(s) of Defendant(s)*

This action is brought for discrimination in employment pursuant to (check only those that apply):

    _____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. Section 2000e to 2000e-17 (race, color, gender, religion, national origin).
    **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    __X__ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. Section 621-634.
    **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

    _____ Americans with Disability Act of 1990, as codified, 42 U.S.C. Section 12112-12117.
    **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    __X__ Pennsylvania Human Relations Act, as codified, 43, Pa. Cons. Stat. Section 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

**NOTE:** *In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name: Anna Marie Calabrese
Street Address: 60 Calabrese Drive
County, City: Media, Delaware County
State & Zip: Pennsylvania 19063
Telephone No.: c\o David DiPasqua, Esquire- 610-565-2211

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant   Name: WIPFLI, LLP
Street Address: 2 W. Baltimore Avenue, Suite 210
County, City: Media, Delaware County
State & Zip: Pennsylvania 19063
Telephone No.: 610-565-3930

C. The address at which I sought employment or was employed by the defendant(s):

Employer: WIPFLI, LLP
Street Address: 2 W. Baltimore Avenue, Suite 210
County, City: Media, Delaware County
State & Zip: Pennsylvania 19063

II. **Statement of the Claim**

A. The discriminatory conduct of which I complain in this action includes (*check on those that apply to your case*):

```
_____   Failure to hire me
  X      Termination of my employment
_____   Failure to promote me
_____   Failure to reasonably accommodate my disability
```

       \_\_\_\_\_ Failure to reasonably accommodate my religion
       \_\_\_\_\_ Failure to stop harassment
       \_\_\_\_\_ Unequal terms and conditions of my employment
       \_\_\_\_\_ Retaliation

B. __X__ other (*specify*): During the course of the Plaintiff's job, Defendant actively participated in age discrimination against the Plaintiff.

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employments Opportunity Commission can be considered by the federal district court.*

C. It is my best recollection that the alleged discriminatory acts occurred on April 27, 2017 (termination date), and the Defendant committed additional alleged discriminatory acts prior to Plaintiff's termination date as specified hereafter in the body of the below Civil Complaint.

D. I believe the defendant(s) (check one):

    \_\_\_\_\_ is still committing these acts against me.
    __X__ is **not** still committing these acts against me.

E. Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

    \_\_\_\_ race _____      \_\_\_\_ color _____

    \_\_\_\_ religion _____      \_\_\_\_ gender/sex _____

    \_\_\_\_ national origin _____

    __X__ age    My date of birth is <u>January 24, 1937</u> (*Give your date of birth only if you are asserting a claim of age discrimination*)

F. The facts of my case are as follow (*attach additional sheets of paper as necessary*):

1.     As per the attached Exhibit P-1 (Charge of Discrimination), for over fifteen (15) years, the Plaintiff worked for Elko & Associates, Ltd. wherein said company was bought out by the Defendant, WIPFLI, LLP (approximately two and an half years ago), and Plaintiff worked for the Defendant for said amount of time with her last job title being as an Administrative Specialist.

2.     During her employment with Elko, Plaintiff enjoyed constant praise from partners and staff, and in addition, Plaintiff received annual raises for solid work and dedication to the company. Moreover, without her conceptual thinking, initiative and educating herself with technical skills, the Plaintiff could not have accomplished her excellent job skills that brought her praise from the Partners and staff up to her very last day.

3.     For approximately two (2) and an half years, the Plaintiff worked for WIPFLI, LLP until April 27, 2017.

4.     Between January 2015 to April 27, 2017, Defendant's management actively participated in age discrimination harassment of the Plaintiff who was the oldest employee in the Media, Pennsylvania branch.

5.     At a meeting in November of 2015, Plaintiff was singled out by Defendant management asking whether Plaintiff was considering retirement wherein the Plaintiff indicated "no." However, at said meeting, Plaintiff received a modest raise.

6.     During her employment tenure with the Defendant, Plaintiff trained on new programs and took on additional job responsibilities for her department and others and received a new title as Administrative Specialist incurring and receiving praise from Partners and staff.

7.     During her employment tenure with the Defendant (and previously with Elko), Plaintiff was not "written up," and Plaintiff was not notified of any negativity with her job performance nor that any negative employment consequences would occur until November 2016.

8.     At a compensation meeting, in November of 2016, Plaintiff was informed by management that she was not receiving a raise wherein Plaintiff voiced her disappointment but accepted their decision even though Plaintiff was the only employee in her department that was denied a raise.

9. Later, in November of 2016, Plaintiff was singled out again and called into a meeting wherein she was advised that she was to submit to a six (6) week plan for job improvement. No one else in Plaintiff's department had to submit to a six (6) week plan for job improvement.

10. Plaintiff complied with this request by self-training herself on company programs to enhance her position, and Plaintiff made suggestions on certain procedures which might benefit her department but Plaintiff's manager did not respond to said suggestions raised by the Plaintiff.

11. On two (2) occasions, when Plaintiff and a co-worker had a new project to complete, Plaintiff was advised to self-train herself on any questions that Plaintiff had, but, when her co-worker asked questions, Plaintiff's manager had the co-worker go to a staff member to receive help. Plaintiff inquired of the Plaintiff's manager regarding this discrepancy to which Plaintiff did not receive a reasonable response.

12. At her final meeting, on January 27, 2017, (with the Defendant's partner, human resources individual, and Plaintiff's manager), Plaintiff was advised that she was no longer employed due to her alleged lack of conceptual thinking and initiative. However, because of her dedication, Defendant would keep Plaintiff employed until April 28, 2017 (which not coincidentally coincided with the conclusion of tax season wherein Plaintiff's contribution was very much needed).

13. On January 27, 2017, Plaintiff received a "Memorandum" from Defendant indicating that her last day of employment would be April 27, 2017. During this timeframe, Plaintiff was actually provided with additional job responsibilities that the Plaintiff performed.

14. Plaintiff avers that she was fired solely due to her age, seventy-nine (79) years old, in violation of the Age Discrimination in Employment Act.

15. It is averred that Plaintiff's position and/or work responsibilities were assumed by younger employee(s) and/or new younger hire(s). In particular, a new, younger, employee started at the end of April 2017.

16. On April 27, 2017, Plaintiff was terminated by Defendant after seventeen (17) years of dedicated service to Elko (and the Defendant WIPFLI) which is clearly an adverse employment action.

17. As a direct consequence of Defendant's illegal actions, Plaintiff is unemployed, and she has suffered significant financial harm and damages including, but not limited to, loss of wages, front pay, back pay, loss of health insurance and other financial damages.

18. In addition, Plaintiff's mental health and physical health declined as a result of the hostile work environment that she was subjected to.

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III. Exhaustion of Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: June 20, 2017 (Exhibit P-1).

B. The Equal Employment Opportunity Commission *(Check one)*:
   \_\_\_\_ has not issued a Notice of Right to Sue Letter.
   _X_ issued a Notice of Right to Sue Letter, which I received on or after June 21, 2017*(Date)*. (Exhibit P-2)

**NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C. *only plaintiffs alleging discrimination must answer this questions.*

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

\_\_\_\_ 60 days or more have passed.

\_x\_\_ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on June 20, 2017.

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

\_\_\_\_ One year or more has passed.

\_x\_\_ Less than one year has passed.

IV. **Relief**

**WHEREFORE,** Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply)*:

\_\_\_\_ Direct the defendant to hire the plaintiff.

\_X\_ Direct the defendant to re-employ the plaintiff.

\_\_\_\_ Direct the defendant to promote the plaintiff.

\_\_\_\_ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

\_\_\_\_ Direct the defendant to reasonably accommodate the plaintiff's religion.

\_\_\_\_ Direct the defendant to (*specify*): _____

\_X\_ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages,

prejudgment interest, and costs, including reasonable attorney fees and expert witness fees.

\_\_\_\_\_ Other (*specify*): _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_11\_\_ day of August, 2017.

Signature of Plaintiff: *Rosa Marie Calabrese*

| | |
|---|---|
| Address: | <u>60 Calabrese Drive</u> |
| | <u>Media, PA 19063</u> |
| Telephone No.: | <u>c\o David DiPasqua, Esquire- 610-</u> |
| | <u>565-2211</u> |
| Fax No.: | <u>610-565-1846</u> |
| Email: | ddipasqua@gillinlawoffice.com |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2017-02975 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

RECEIVED 17 JUN 20 AM 10:

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Anna Marie Calabrese** | (610) 566-7039 | 1937 |

| Street Address | City, State and ZIP Code |
|---|---|
| **60 Calabrese Drive, Media, PA 19063** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WIPFLI LLC** | **Unknown** | **(610) 565-3930** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2 West Baltimore Ave, Suite 210, Media, PA 19063** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-27-2017    Latest: 04-27-2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am an individual in the protected age group. I worked for Respondent from 1999 until my discharge on 04/27/17. My last title was Administrative Specialist. I was told in November 2016 that I would not be getting a raise. I was the oldest employee in the company at the time and the only one in my department that was denied a raise. I allege that I had excellent performance and reviews prior to being denied my raise. Also that month, I was the only one in my department put on a 6 week job improvement plan which I completed however, I was discharged on 04/27/17 regardless.

I was told by Colleen Cooke-Varallo (Partner), Jenna Csencsits (HR), and Jennifer Huntley (direct supervisor), that my performance, including the use of Microsoft word and engagement letters, was the reason for not being given my raise. Despite my best efforts, I was told that my performance did not meet the standard. Regarding my discharge, I was told that I lacked "conceptual thinking and initiative".

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 20, 2017    *Anna Marie Calabrese*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EXHIBIT P-1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2017-02975 |
|---|---|---|

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

I allege that I have been discriminated against because of my age in violation of the Age Discrimination in Employment Act of 1967 in that I was terminated shortly after I turned 80 despite my excellent performance.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>I declare under penalty of perjury that the above is true and correct.<br><br>Jun 20, 2017     *[signature]*<br>Date     Charging Party Signature | NOTARY – *When necessary for State and Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
|---|---|

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

*Your copy to Klaus Di ?* *7-12-17*

| | |
|---|---|
| To: **Anna Marie Calabrese**<br>**60 Calabrese Drive**<br>**Media, PA 19063** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-02975 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

6/21/17
*(Date Mailed)*

cc:   **WIPFLI, LLC**
      **Jenna Csencsits, Human Resources (for Respondent)**

EXHIBIT P-2

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

| | |
|---|---|
| **PRIVATE SUIT RIGHTS** -- | **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):** |

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*